<sup>By</sup>**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**UNITED STATES OF AMERICA,**

      **PLAINTIFF,**

**-V-**                                                       **CASE NO.: 6:17-CR-123-ORL-41KRS**

**JEREMY CRAIG TRAYLOR,**

      **DEFENDANT.**

_____/

**DEFENDANT'S SENTENCING MEMORANDUM**

      Defendant Jeremy Traylor ("MR. TRAYLOR") by and through his undersigned counsel submits this sentencing memorandum and information to support a sentence that is sufficient and not more than necessary under the provisions of 18 U.S.C. § 3553(a), and respectfully states the following:

**CASE BACKGROUND**

      MR. TRAYLOR accepted responsibility when law enforcement first interviewed him, entered into a plea agreement when charged (Doc. 24) and thereafter timely pled guilty to two counts of violating 18 U.S.C. § 2251(a)&(e) (producing child pornography). This Honorable Court accepted the guilty pleas, adjudicated guilt and set sentencing for December 21, 2017. (Doc. 25). Although MR. TRAYLOR has no prior felony convictions and thus only a category I criminal history, the pre-sentence report (P.S.R.), without objection, calculates the advisory guideline range under §2G2.1 of the United States Sentencing Commission Guidelines ("Guidelines") to be an advisory sentencing recommendation of 720 months imprisonment. (Doc 29, ¶ 99).

MR. TRAYLOR greatly regrets the crimes he committed, apologizes to all involved and accepts his punishment. (Attachment 1). He admits his crimes with the belief and hope that he can receive treatment and counseling for behavior stemming from his own sexual abuse by family members suffered while himself a child. He understands that there is no excuse for his actions. Given all of the relevant information, policies, and circumstances including, but not limited to, the factors set forth in § 3553(a), MR. TRAYLOR respectfully requests that this Court impose a sentence of 480-months that is consistent with the Guidelines and sentences imposed in similar cases. A term of 480-months imprisonment is actually *above* the current conversion[1] of a "life" sentence to a term of 470-months by the United States Sentencing Commission. A term of 480-months imprisonment otherwise achieves the goals of sentencing and provides punishment that is sufficient, but not greater than necessary, for his crimes.

## SENTENCING CONSIDERATIONS

The Court must impose a mandatory minimum of 180-months of imprisonment for anyone who violates this statute, as well as 5-years, and up to a life term, of supervised release. MR. TRAYLOR does not object to the Guidelines sentencing[2] calculations. Now

---

[1] "In cases where the court imposes a sentence of life imprisonment, a numeric value is necessary to include these cases in any sentence length analysis. Accordingly, life sentences are reported as 470 months, a length consistent with the average life expectancy of federal criminal offenders given the average age of federal offenders." U.S. Sentencing Commission's 2016 Sourcebook of Federal Sentencing Statistics, Appendix A, S-163. https://www.ussc.gov/sites/default/files/pdf/research-and-publications/annual-reports-and-sourcebooks/2016/AppendixA.pdf (Last accessed 12/14/17).

[2] The 197-page final P.S.R. and attachments (Doc. 29) filed this afternoon did not arrive in time to meaningfully address the restitution aspect of this case, other than to agree that restitution is required and that the "the exact amount of restitution is due to be determined." (Doc. 29, ¶ 111).

2

a first-time convicted felon, MR. TRAYLOR has just lost important Constitutional rights, including the right to vote, possess a firearm, and participate in jury service. MR. TRAYLOR for the rest of his life must register and report under the Sex Offender Registration and Notification Act (Title I of the Adam Walsh Child Protection and Safety Act of 2006, Public Law 109-248). He will forever suffer severe consequences for his conduct, including the loss and support of family.

Now 32-years old, MR. TRAYLOR is in "poor" physical health. He suffers from chronic ear infections and stomach ulcers that have plagued him since childhood. (Doc. 29, ¶ 84). Nearly 6-feet tall, he weighs only 140 pounds and has constant back and nerve pain due to scoliosis. A sentence that imprisons him for the next 40-years in an environment where his medical needs will likely receive only the necessary minimal treatment is a harsh punishment indeed. Each day will pass slowly. Yet, he looks forward to participating in counseling programs designed to address aberrant behavior. Release from imprisonment at 72-years of age, his poor physical condition and the attendant deterrent effect of having served 40-years in a federal prison are valid sentencing considerations supporting[3] a 480-month sentence.

In that regard, MR. TRAYLOR, himself a victim of child sexual abuse spanning four years (Doc. 129, ¶ 77), never had the benefit of counseling and treatment designed specifically for sex-abuse victims that might have prevented his subsequent behavioral and emotional problems. The need for counseling and treatment of all victims of child

---

[3] A 480-month sentence reflects the seriousness of the offense, promotes respect for the law, is just punishment, affords adequate deterrence to criminal conduct, products the public from further crimes, and provides the defendant with medical and educational care in the most effective manner. 18 U.S.C. § 3553(a).

3

sexual abuse is not controversial. That said and in that regard, a defendant's *own* history of sexual abuse as a child does not simply vanish when he or she commits a crime. Rather, MR. TRAYLOR remains a victim of child sexual abuse that likely contributed to his subsequent aberrant behavior:

> Some researchers have suggested that sexual risk taking by child sexual abuse survivors serves as a way of avoiding the emotional distress associated with abuse (Steel & Herlitz, 2005; Wright, Crawford, & Sebastian, 2007). However, other theoretical frameworks have also been put forward to explain sexual and other risk-taking behavior among the victims of child sexual abuse. A number of researchers have focused on child sexual abuse as a key sexual experience characterised by negative elements and emotions including physical and cognitive exploitation and feelings of stigmatization and social isolation; these in turn increase the victim's vulnerability to sexual experiences, particularly negative ones (Browning & Laumann, 1987); Finkelhor & Browne, 1985). Some researchers have also suggested that child abuse leads to distortions that undermine the survivor's critical motivational, coping, and interpersonal factors, and that these in turn influence adult sexual behavior and choices. (Catania et al., 2008). More research is needed to better understand the relationship between child sexual abuse and subsequent risk taking behavior by victims generally, as well as the mediating role of other factors such as PTSD and alcohol and substance abuse.

Judy Cashmore and Rita Shackel, "The Long-Term Effects of Child Sexual Abuse", CFCA Paper No 11, 2013.

A 480-month term of imprisonment is a reasonable sentence found to be sufficient in cases involving facts similar to, if not much worse than, those in MR. TRAYLOR's case. For instance, in *United States v. Wilcox*, 666 F.3d 1154 (8th Cir. 2012), an over-the-road

truck driver sexually abused his 12-year old daughter on a weekly basis over a period of four years, and recorded some of the abuse on at least five different videotapes. Charged in a ten-count[4] indictment, Mr. Wilcox eventually entered into a plea agreement to one count of production of child pornography and one count of interstate transportation of a minor with intent to engage in sexual activity. The total offense level exceeded level 43. Mr. Wilcox was also a first-time sex offender who also experienced sexual abuse when a child, had no significant criminal history, expressed genuine remorse and was committed to rehabilitation. "Ultimately, the court sentenced Wilcox to 480 months imprisonment on Count I and 360 months imprisonment on Count 2, to be served concurrently and followed by a lifetime of supervised release." *Wilcox*, 666 F.3d at 1156.

Similarly, in *United States v. Reibel*, 688 F.3d 868 (7th Cir. 2012), Mr. Reibel sexually molested and took pornographic photographs of his girlfriend's three-year-old daughter. The child, during a forensic interview said that, in addition to photographing her, Reibel had digitally penetrated her vagina and anus and called her "sexy." *Reibel*, 688 F.3d at 879-880. Reibel's total offense level was 42 with a recommended sentencing range of 360 months to life. Although the Government argued for a higher sentence, the trial court declined and imposed concurrent 360-month terms of imprisonment, stating "the sentencing scheme laid out by Congress in this case is well thought out and its appropriate." *Reibel*, 688 F.3d at 870. The sentence Reibel received is 120 months less than that sought here.

---

[4] The indictment charged five counts of interstate transportation of a minor to engage in sexual activity in violation of 18 U.S.C.§ 2423(a) and five counts of production of child pornography in violation of 18 U.S.C. § 2252(a) and (e). *Wilcox*, 666 F.3d 1154, 1156 (8th Cir. 2012).

5

More recently, the Eleventh Circuit approved a 420-month sentence after a jury convicted Ralph Miller of three (3) counts of producing child pornography in violation of 18 U.S.C. § 2251(a), and one (1) count of committing those crimes while being a registered sex offender in violation of 18 U.S.C. § 2260A. *See United States v. Miller*, 819 F.3d 1314 (11th Cir. 2016). The opinion reflects that Mr. Miller "engaged in an ongoing sexual relationship with a minor" and that he had a prior conviction for sexual battery, *Miller*, 819 F.3d at 1317, fn. 1 (11th Cir. 2016). The Eleventh Circuit upheld the 292-month sentence of defendant who pled violated 18 U.S.C. § 2252(a) (production of child pornography), and 18 U.S.C. § 2423(b) (travel in interstate commerce to engage in illicit sexual conduct). That case involved recording the sexual battery of a four-year old boy by an adult male ("Stickney") and subsequent texts describing how Stickney could sexually molest the defendant's two-year old daughter. *See United States v. Bays*, 433 Fed.Appx 719 (11th Cir. 2011). *See also, United States v. Berlanger*, 683 Fed.Appx. 38 (2d Cir. 2017) (affirming 480-month sentence for five violations of 18 U.S.C. § 2252(a) with a 43 total offense level); *United States v. Pruitt*, 422 Fed.Appx. 539 (7th Cir. 2011) (480-month sentence presumptively reasonable for defendant with prior conviction for indecent solicitation of a child convicted of producing child pornography (18 U.S.C. § 2251(a), advertising child pornography, 18 U.S.C. § 2252A(a)(2)(B), and possessing child pornography (18 U.S.C. § 2252A(a)(5)(B)).

For as many examples that can be found supporting imposition of a 480-month sentence, it is likely that as many examples can be found of lower or higher sentences that were deemed by the District Judge in any particular case to be sufficient and not more than necessary under the criteria set forth in 18 U.S.C. § 3553(a). The determination of what amount of punishment was sufficient in any particular case should influence the sanctions

6

imposed in other cases, but ultimately it hinges on the trial court's determination of how much punishment is enough and not more than necessary. Most recently, Circuit Judge Chin from the United States Court of Appeals, Second Circuit, wrote the following that mirror sentiments expressed from the bench throughout the United States:

> "Sentencing, that is to say punishment, is perhaps the most difficult task of a trial court judge." Jack B. Weinstein, *Does Religion Have a Role in Criminal Sentencing?*, 23 Touro L. Rev. 539, 539 (2007). While there are many competing considerations in every sentencing decision, a sentencing judge must have some understanding of "the diverse frailties of humankind." *See Woodson v. North Carolina*, 428 U.S. 280, 204 (1976) (plurality opinion). In deciding what sentence will be "sufficient but not greater than necessary" to further the goals of punishment, 18 U.S.C. § 3553(a), a sentencing judge must have a "generosity of spirit, that compassion which causes one to know what it is like to be in trouble and in pain." Guido Calabresi, *What makes a Judge Great: To A Leon Higginbotham, Jr.*, 12 U.Pa.L.Rev. 513, 513 (1993); *reprinted in* 82 F.R.D. 209, 209 (1979) ("Be kind. If we judges could possess but one attribute, it should be a kind and understanding heart. The bench is no place for cruel or callous people regardless of their other qualities and abilities. There is no burden more onerous than imposing sentence in criminal cases.").

*United States v. Sing*, -- F.3d --, 2017 WL 6327823 (2d. Cir. 2017) (Decided 12/12/17, slip opinion pp. 29-30).

MR. TRAYLOR has no prior felony convictions whatsoever and has not had the chance to demonstrate rehabilitation following incarceration. (Doc. 29, ¶ 68). MR. TRAYLOR has significant medical, emotional and psychological issues that torment him daily. He accepted responsibility and hopes to receive counseling and treatment while in

7

BOP and become a better person. Upon return to society in 40 years, it will be at an age that makes further misconduct of any type extremely unlikely, and supervision will effectively monitor his behavior. His work ethic, genuine remorse, desire for rehabilitation and no prior history of incarceration[5] weigh in favor of a 480-month term of imprisonment.

## CONCLUSION

Imposition of 480-months imprisonment incarcerates MR. TRAYLOR longer than the 32-years of liberty he has experienced. Early in his lifetime, at a time when people are most vulnerable, impressionable and malleable, he experienced sexual assaults that went unaddressed. The counseling he can and will receive in the Bureau of Prisons will benefit him upon return to society, where he held a job with an employer who "would consider re-employing the defendant because of his good work performance." (Doc. 29, ¶ 93). Given his lack of any prior felony and any prior incarceration, 480-months imprisonment followed by a lifetime of supervision and reporting under S.O.R.N.A. is an appropriate and reasonable sentence that satisfies the requirements of 18 US.C. § 3553(a).

Respectfully Submitted,

Donna Lee Elm
Federal Defender

s/ *Larry B. Henderson*
Larry B. Henderson
FL Bar #0353973
Assistant Federal Defender
201 S. Orange Avenue, Ste. 300
Orlando, Florida 32801

---

[5] A person who has never before experienced incarceration receives the greatest effect in his first term of imprisonment. See **United States v. Qualls**, 373 F.Supp.2d 873, 877 (E.D.Wis. 2005) ("Generally, a lesser period of imprisonment is required to deter a defendant not previously subject to lengthy incarceration than is necessary to deter a defendant who has already served serious time yet continues to re-offend.").

        Telephone: 407-648-6338
        Facsimile: 407-648-6095
        Email: larry_henderson@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that undersigned attorney electronically filed the foregoing sentencing memorandum with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to Assistant United States Attorney Ilianys Rivera Miranda, this 14th day of December, 2017.

        s/ *Larry B. Henderson*
        Larry B. Henderson
        FL Bar #0353973
        Assistant Federal Defender
        201 S. Orange Avenue, Ste. 300
        Orlando, Florida 32801
        Telephone: 407-648-6338
        Facsimile: 407-648-6095
        Email: larry_henderson@fd.org